EL PUEBLO, PETICIONARIO Y APELANTE, *v.* GELPÍ, DEMANDADO
Y APELADO.

APELACIÓN procedente de la Corte de Distrito de Ponce en
un procedimiento de *quo warranto.*

No. 2878.—Resuelto en junio 26, 1923.

*Quo Warranto* — TESTIGOS — PRUEBA. — El querellante, en un procedimiento de
*quo warranto* iniciado para que se le pusiera en posesión del cargo de Co-
misionado de Servicio Público, Policía y Prisiones y de Obras Públicas,
ofreció el testimonio del secretario municipal, a quien preguntó si contra el
testigo habían sido formulados ciertos cargos. *Se resolvió:* que no habién-
dose demostrado qué relación pudieran tener tales cargos con las cuestiones
en controversia, la pregunta era impertinente, tanto más cuanto que el de-
mandante tendía a impugnar la veracidad de su propio testigo.

ID.—EVIDENCIA SECUNDARIA.—No habiéndose probado la destrucción o el extravío
de la convocatoria original citando a una reunión extraordinaria de la
Asamblea Municipal, tal convocatoria no puede acreditarse por medio de
evidencia testifical.

ID.—PRUEBA INSUFICIENTE—MOCIÓN DE *Nonsuit.*—Si el relator en un procedi-
miento de *quo warranto* no prueba su título al cargo, no es erróneo el decla-
rar con lugar una moción de *nonsuit,* aunque el motivo alegado por el de-
mandado no sea precisamente la insuficiencia de la prueba.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. C. Brunet.*

Abogado del apelado: *Sr. J. Rosario Gelpí.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

El Pueblo de Puerto Rico, por su Procurador General y ·a instancia de Felipe Rodríguez Avenáu, presentó demanda de *quo warranto* en el tribunal inferior alegando sustancialmente que la Asamblea Municipal de Peñuelas en su sesión del 27 de agosto de 1921 consolidó los departamentos de servicio público, policía y prisiones y de obras públicas de aquel municipio y nombró para dicho cargo consolidado al querellante Felipe Rodríguez, quien no ha podido tomar posesión de él porque Juan G. Gelpí, que lo ocupa interinamente, se ha negado a darle posesión alegando tener derecho a ocuparlo, por lo que pidió al tribunal declarase que el demandado Gelpí no tiene derecho a ocupar tal cargo y sí el querellante Rodríguez a quien debe ponerle en posesión de él.

Se opuso el demandado a tal reclamación y al terminar el relator Rodríguez la presentación de su prueba en el juicio el tribunal, a petición del demandado, rechazó cierta evidencia del querellante y desestimó su demanda por no haber probado su derecho al cargo que reclama, contra cuya sentencia se interpuso este recurso de apelación por el demandante.

Para probar el apelante que fué nombrado el 27 de agosto de 1921 por la Asamblea Municipal de Peñuelas para el cargo cuya posesión reclama, presentó como evidencia en el juicio varios testigos para demostrar la celebración de dicha asamblea y su nombramiento para el cargo. A uno de esos testigos, el secretario del municipio, le preguntó la parte que lo presentó si contra él habían sido presentados cargos, a lo que el demandado se opuso por ser cuestión distinta a la del juicio, y después de manifestar el demandante que no tenía intención de utilizar esos cargos el tribunal ordenó

que se eliminara todo lo relacionado con cargos formulados al secretario. Esta resolución fué excepcionada por el querellante sin expresar las razones y ahora se alega como primer motivo de la apelación que fué un error del tribunal porque si bien es cierto que en la controversia de este caso no están envueltos los cargos contra el secretario sin embargo como se trata de demostrar la existencia de una sesión extraordinaria de la asamblea municipal convocada por la mayoría de los asambleístas y que el secretario estaba impidiendo que se reuniera la asamblea, tal pregunta era pertinente porque la existencia de esos cargos tenía que ejercer influencia en el ánimo de los principales testigos y porque el secretario era el que tenía que redactar el acta de la sesión y bajo cuya custodia debía estar la evidencia de la legalidad de esa reunión.

No existe tal error porque en verdad no era cuestión a decidir en este procedimiento si existían cargos contra el secretario, como reconoce el propio apelante y admitió en el juicio al manifestar que no tenía intención de utilizar esos cargos. Por otra parte, el demandante no sólo trataba de impugnar la veracidad de su propio testigo sino que no demostró que dichos cargos estaban en relación con las cuestiones que se habían de debatir en este procedimiento.

El segundo motivo de error es por haber sido eliminada la evidencia sobre la convocatoria de la sesión extraordinaria de la asamblea municipal para el 27 de agosto de 1921.

Antes de esa fecha estaban consolidados el departamento del comisionado de servicio público, policía y prisiones, el de obras públicas y el de instrucción pública del municipio de Peñuelas, desempeñando tal cargo consolidado el demandado Juan G. Gelpí. El 27 de agosto se reunió la asamblea municipal de dicho pueblo en sesión extraordinaria a la que concurrieron cuatro de los siete miembros que la componen y, por el voto verbal de tres de éstos, consolidó el departamento de instrucción pública con el de sanidad y nom-

bró a Felipe Rodríguez Avenáu para el de comisionado de servicio público, policía y prisiones y de obras públicas, para tener efecto el 7 de septiembre. El 2 de septiembre de 1921, antes de ser presentada la demanda en este caso, el concejo de administración del municipio derogó el acuerdo de la asamblea municipal extraordinaria del 27 de agosto anterior.

Según la declaración del secretario del municipio no tuvo conocimiento de la reunión de esa asamblea extraordinaria hasta el día 27 en que fué requerido por el presidente de la asamblea para asistir a ella y no consta en su archivo la convocatoria que para ella se haya hecho porque no le ha sido entregada por persona alguna. El presidente declaró que él y otros tres miembros de la asamblea municipal firmaron la convocatoria, la que fué entregada al secretario por los que hicieron la citación, habiéndose dado copia de ella a los otros tres miembros de la asamblea al ser citados, pero no habiendo sido presentada la convocatoria en el juicio ni alguna de sus copias, el tribunal inferior eliminó la prueba testifical relativa a la convocatoria y estimó que no se había probado tal convocatoria por lo que el demandante no había probado la legalidad de su nombramiento.

Resultando de la propia evidencia del demandante que en la oficina del secretario del municipio no existe la convocatoria para la sesión extraordinaria, siendo necesaria una convocatoria para que pudiera celebrarse una sesión extraordinaria de la asamblea municipal y habiendo negado el demandado en su contestación que haya existido tal convocatoria, venía obligado el querellante a probarla por no ser aplicable en tales circunstancias la regla de que celebraba la sesión había que presumir que fué debidamente convocada.

Sostiene el apelante que probó tal convocatoria por la evidencia oral a falta de la misma convocatoria escrita, por ser admisible aquella clase de prueba cuando el original se

ha extraviado, por disponerlo así el artículo 24 de la Ley de Evidencia, caso 1º. y párrafo último.

Es cierto que según dicho artículo cuando el escrito original se hubiere extraviado o destruído o estuviere fuera de la jurisdicción del tribunal, en cuyos casos habrá que probar tales hechos, será admisible bien una copia del escrito o evidencia oral de su contenido, pero siendo contradictoria la prueba del demandante respecto al extravío o destrucción del original de la convocatoria, pues mientras el presidente de la asamblea declaró que la convocatoria fué entregada al secretario éste niega ese hecho, y resuelto por el tribunal ese conflicto en contra de la entrega al secretario, debió ser presentada como prueba la convocatoria original y no era admisible la prueba secundaria respecto del contenido del escrito por no haberse probado el extravío del documento, por lo que estimamos que el tribunal inferior no cometió el error que se le atribuye en el segundo motivo del recurso.

Se alega en el tercero que hubo error al declarar el tribunal que el relator no ha probado su título al cargo, que es fundamento distinto al alegado en la petición de desestimación de la demanda (*nonsuit*).

Esa moción plantea al tribunal la cuestión de que la prueba presentada por el demandante es insuficiente para dictar una sentencia a su favor, y si en efecto así resulta deberá dictarse sentencia desestimando la demanda aunque el demandado no haya alegado el verdadero motivo justificativo de tal resolución y sí otro pues en verdad una sentencia favorable al demandante no resultaría justificada por su prueba.

Según la Ley Municipal las asambleas municipales podrán celebrar sesiones extraordinarias cuando lo solicite una mayoría de los miembros de la asamblea o el consejo de administración, pero como en este caso ha sido eliminada la prueba secundaria oral de la convocatoria de la Asamblea

Municipal de Peñuelas para el día 27 de agosto en la que fué nombrado el querellante para el cargo cuya posesión reclama, tenemos que llegar a la conclusión de que, no habiéndose probado que tal sesión extraordinaria fuera solicitada como dispone la ley, el demandante no ha probado que su nombramiento sea legal para darle derecho a obtener lo que reclama.

La sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Hutchison y Franco Soto.

El Juez Asociado Sr. Wolf no intervino en la resolución de este caso.